# Day, Berry & Howard LLP
COUNSELLORS AT LAW

David M. Bizar
Direct Dial: (860) 275-0648
E-mail: dmbizar@dbh.com

October 24, 2003

**VIA OVERNIGHT MAIL (MONDAY DELIVERY)**

Mr. Ronald R. Schueler
3201 Camino Sin Nombre
Paradise Valley, AZ 85253

      Re:    Bay View Commercial Leasing, Inc. vs. Ronald R. Schueler, et al.
              United States District Court for the District of Connecticut
              Civil Action No. 3:00cv894 (JCH)

Dear Mr. Schueler:

      Enclosed please find a copy of the Court's Order to Show Cause as to why Day, Berry & Howard's motion to withdraw its appearance on your behalf in the above-referenced case should not be granted. We mailed you a copy of this motion together with its supporting memorandum of law and declaration on October 3, 2003, by certified mail, return receipt requested. Please note that the Order indicates that if you fail to respond to the Order or to object to the motion by November 5, 2003, the motion to withdraw will likely be granted. Further, if you fail thereafter to file a pro se appearance or to cause another attorney to file an appearance by December 1, 2003, the motion to vacate judgment that we filed on your behalf will likely be denied. Please also find the enclosed Declaration of today's date apprising the Court of our service of the above upon you and Scott H. Kapp of Arnstein & Lehr. The original pleadings which we mailed to you on October 3, 2003 are attached at Exhibit B to the Declaration.

                                            Very truly yours,

                                            David M. Bizar

DMB
Enclosures

cc:    Scott H. Kapp, Esq.



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BAY VIEW COMMERCIAL LEASING, INC. | : | CIVIL ACTION NO.: |
| Plaintiff | : | 3-00-cv-894 (JCH) |
| v. | : | |
| | : | |
| PATRICK GLENN, ET AL | : | OCTOBER 16, 2003 |
| Defendants | : | |

### ORDER TO SHOW CAUSE

Defendant Ronald Schueler is hereby Ordered to Show Cause why the Motion to Withdraw Appearance [Dkt. No. 21] should not be granted.

Failure to respond to this Order or to object to the Motion to Withdraw Appearance by November 5, 2003 will likely result in the granting of this Motion to Withdraw. Failure thereafter to file a pro se appearance or to cause another attorney to file an appearance by December 1, 2003 will likely result in the denial of defendant Schueler's Motion to Vacate Judgment.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 16th day of October, 2003.

Janet C. Hall
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BAY VIEW COMMERCIAL LEASING, INC. | : CIVIL ACTION NO. |
| Plaintiff, | : |
| VS. | : 3:00 CV 894 (JCH) |
| PATRICK GLENN, MICHAEL GLENN AND RONALD R. SCHUELER | : |
| Defendants. | : |
| | : OCTOBER 3, 2003 |

## MOTION TO WITHDRAW APPEARANCE

Attorney David M. Bizar of Day, Berry & Howard, LLP ("Day, Berry"), hereby moves pursuant to D. Conn. L. Civ. R. 7(e) to withdraw his appearance for defendant Ronald R. Schueler ("Schueler") in the above-captioned matter.

The reasons for the requested withdrawal of appearance are that: (1) Schueler has failed to sign and return the two engagement letters sent to him by Day, Berry; (2) Schueler has failed and refused to pay the legal fees for services provided by Day, Berry and expenses incurred by Day, Berry in connection with this matter; (3) Schueler has not responded to recent efforts to communicate with him and, therefore, there has been a breakdown of communication between attorney and client; and (4) Day, Berry has advised Schueler and his Chicago counsel that it would seek to withdraw if the issues described above were not resolved and Schueler has not responded or addressed any of these issues.

**ORAL ARGUMENT REQUESTED**

A supporting memorandum of law is submitted herewith.

                                                            DEFENDANT RONALD R. SCHUELER

By_____
    David M. Bizar (ct20444)
    Day, Berry
    City Place I
    Hartford, Connecticut 06103
    Telephone: (860) 275-0100
    E-mail: dmbizar@dbh.com

THIS IS TO CERTIFY that a copy of the foregoing was sent via certified mail, return receipt requested this 3rd day of October, 2003 to:

Ronald R. Schueler
3201 Camino Sin Nombre
Paradise Valley, AZ 85253

_____
David M. Bizar

THIS SHALL FURTHER CERTIFY that a copy of the foregoing was sent via first class mail, postage prepaid on this 3rd day of October, 2003 to:

Dominic Fulco, III, Esq.
Michael T. Wade
Reid & Riege, P.C.
One State Street, 18th Floor
Hartford, CT 06103-3185

Scott R. Kapp, Esq.
Arnstein & Lehr
120 South Riverside Plaza - Suite 1200
Chicago, IL 60606-3910

_____
David M. Bizar

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BAY VIEW COMMERCIAL LEASING, INC. | : CIVIL ACTION NO. |
| Plaintiff, | : |
| VS. | : 3:00 CV 894 (JCH) |
| PATRICK GLENN, MICHAEL GLENN AND RONALD R. SCHUELER | : |
| Defendants. | : |
| | : OCTOBER 3, 2003 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW APPEARANCE

### I.   INTRODUCTION.

Attorney David M. Bizar of Day, Berry, & Howard LLP ("Day, Berry") respectfully files this memorandum of law in support of his motion pursuant to D. Conn. L. Civ. R. 7(e) to withdraw his appearance for defendant Ronald R. Schueler ("Schueler") in the above-captioned matter. As more fully described below, good cause exists to grant the motion to withdraw because: (1) Schueler has failed to sign and return the two engagement letters sent to him by Day, Berry; (2) Schueler has failed and refused to pay the legal fees for services provided by Day, Berry and expenses incurred by Day, Berry in connection with this matter; (3) Schueler has not responded to recent efforts to communicate with him and, therefore, there has been a breakdown of communication between attorney and client; and (4) Day, Berry has advised Schueler and his

Chicago counsel that it would seek to withdraw if the issues described above were not resolved and Schueler has not responded or addressed any of these issues.

## II. FACTS.

On or about July 11, 2003, Attorney Scott Kapp of Arnstein & Lehr, Chicago Illinois contacted Day, Berry on behalf of defendant Schueler to request that Day, Berry enter an appearance on behalf of Schueler in these proceedings. (Declaration of David M. Bizar, at ¶ 4.)

On August 1, 2003, Day, Berry mailed Schueler an engagement letter, through Mr. Kapp, setting forth the terms and conditions pursuant to which Day, Berry would agree to represent Schueler, as required by Rule 1.5(b) of the Connecticut Rules of Professional Conduct. In this letter, Day, Berry requested that Schueler confirm his intention to retain Day, Berry and his agreement to the terms set forth by returning a signed copy of the letter along with a retainer as set forth in the letter. (Id. at ¶ 5.)

On or about August 15, 2003, Day, Berry mailed its first invoice for fees and expenses directly to Schueler. (Id. at ¶ 6.)

As of the end of August, 2003, Day, Berry had not received a signed engagement letter from Schueler, payment of the requested retainer, or payment of its invoice for services and expenses. Communications ensued between Day, Berry and Arnstein & Lehr regarding Schueler's engagement letter and payments, but to no avail. (Id. at ¶ 7.)

On September 19, 2003, Day, Berry mailed its second invoice for services to Schueler. (<u>Id</u>. at ¶ 8.)

On September 22, 2003, Day, Berry mailed a second engagement letter directly to Schueler. In that letter, Day, Berry advised Schueler that it had not received confirmation of Schueler's intent to retain Day, Berry, the first retainer letter signed, payment of the retainer, or payment of Day, Berry's August 15, 2003 and September 19, 2003 invoices for services rendered. This letter also advised Schueler that Day, Berry would require an additional retainer and indicated if Schueler did not respond to the letters, confirm his intention to retain Day, Berry, and pay the amounts owing and required, Day, Berry would assume that Schueler did not wish to retain Day, Berry and would seek to withdraw its appearance on his behalf. (<u>Id</u>. at ¶ 9.) To this date, Schueler still has not returned a signed engagement letter or made any payments to Day, Berry. (<u>Id</u>. at ¶ 10.)

Pursuant to D. Conn. L. Civ. R. 7(e), actual notice of this motion to withdraw is being sent by certified mail to Schueler and by first class mail to his Chicago counsel, Arnstein & Lehr.

### III.  ARGUMENT.

Local Rule 7(e) permits the District Court to grant an attorney's motion to withdraw his or her appearance "by leave of Court on motion duly noticed, . . . upon a showing that other counsel has appeared or that the party has elected to proceed pro se, . . . [or] where good cause exists for

permitting the withdrawal by the appearing counsel. . . ." Based on the foregoing, and in particular:

    (1)    Schueler has failed to sign and return the two engagement letters sent to him by Day, Berry;

    (2)    Schueler has failed and refused to pay the legal fees for services provided by Day, Berry and expenses incurred by Day, Berry in connection with this matter;

    (3)    Schueler has not responded to recent efforts to communicate with him and, therefore, there has been a breakdown of communication between attorney and client; and

    (4)    Day, Berry has advised Schueler and his Chicago counsel that it would seek to withdraw if the issues described above were not resolved and Schueler has not responded or addressed any of these issues,

good cause is clearly present to permit the withdrawal. See Fischer v. Biman Bangladesh Airlines, 1997 U.S. Dist. LEXIS 10405 (S.D.N.Y. July 18, 1997) (surveying case law holding that client's failure to pay the lawyer's fees presents sufficient cause for the Court to permit withdrawal); Conn. R. Prof. Cond. 1.16(b)(4) and (6) (permitting a lawyer to terminate representation when "[t]he client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled"

and for "other good cause for withdrawal. . . ."); see also Hallmark Capital Corp v. The Red Rose Collection, Inc., 1997 U.S. Dist. LEXIS 16328, *5 (S.D.N.Y. October 21, 1997) ("The courts also have ruled that lack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal.").

IV.  **CONCLUSION.**

For the foregoing reasons, Attorney David M. Bizar of Day, Berry, & Howard LLP, respectfully requests that the Court grant this motion to withdraw his appearance.

```
                              DEFENDANT RONALD R. SCHUELER

                              By_____
                                 David M. Bizar (ct20444)
                                 Day, Berry
                                 City Place I
                                 Hartford, Connecticut 06103
                                 Telephone: (860) 275-0100
                                 E-mail: dmbizar@dbh.com
```

THIS IS TO CERTIFY that a copy of the foregoing was sent via certified mail, return receipt requested this 3rd day of October, 2003 to:

Ronald R. Schueler
3201 Camino Sin Nombre
Paradise Valley, AZ 85253

_____
David M. Bizar

THIS SHALL FURTHER CERTIFY that a copy of the foregoing was sent via first class mail, postage prepaid on this 3rd day of October, 2003 to:

Dominic Fulco, III, Esq.
Michael T. Wade
Reid & Riege, P.C.
One State Street, 18th Floor
Hartford, CT 06103-3185

Scott R. Kapp, Esq.
Arnstein & Lehr
120 South Riverside Plaza - Suite 1200
Chicago, IL 60606-3910

_____
David M. Bizar

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BAY VIEW COMMERCIAL LEASING, INC. | : CIVIL ACTION NO. |
| Plaintiff, | : |
| VS. | : 3:00 CV 894 (JCH) |
| PATRICK GLENN, MICHAEL GLENN AND RONALD R. SCHUELER | : |
| Defendants. | : |
| | : OCTOBER 3, 2003 |

### DECLARATION OF DAVID M. BIZAR

David M. Bizar, being first duly sworn, deposes and says:

1. I am over the age of 18 and believe in the obligations of an oath.

2. I am an associate with the law firm of Day, Berry & Howard LLP, counsel to Ronald R. Schueler in the above captioned action.

3. I have personal knowledge of the matters set forth in this Declaration and make the following declarations to the best of my knowledge and belief.

4. On or about July 11, 2003, Attorney Scott Kapp of Arnstein & Lehr, Chicago Illinois contacted Day, Berry on behalf of defendant Schueler to request that Day, Berry enter an appearance on behalf of Schueler in these proceedings.

5. On August 1, 2003, Day, Berry mailed Schueler an engagement letter, through Mr. Kapp, setting forth the terms and conditions pursuant to which Day, Berry would agree to

represent Schueler, as required by Rule 1.5(b) of the Connecticut Rules of Professional Conduct. In this letter, Day, Berry requested that Schueler confirm his intention to retain Day, Berry and his agreement to the terms set forth by returning a signed copy of the letter along with a retainer as set forth in the letter.

6. On or about August 15, 2003, Day, Berry mailed its first invoice for fees and expenses directly to Schueler.

7. As of the end of August, 2003, Day, Berry had not received a signed engagement letter from Schueler, payment of the requested retainer, or payment of its invoice for services and expenses. Communications ensued between Day, Berry and Arnstein & Lehr regarding Schueler's engagement letter and payments, but to no avail.

8. On September 19, 2003, Day, Berry mailed its second invoice for services to Schueler.

9. On September 22, 2003, Day, Berry mailed a second engagement letter directly to Schueler. In that letter, Day, Berry advised Schueler that it had not received confirmation of Schueler's intent to retain Day, Berry, the first signed retainer letter, payment of the retainer, or payment of Day, Berry's August 15, 2003 and September 19, 2003 invoices for services rendered. This letter also advised Schueler that Day, Berry would require an additional retainer and indicated if Schueler did not respond to letters, confirm his intention to retain Day, Berry, and pay the

amounts owing and required, Day, Berry would assume that Schueler did not wish to retain Day, Berry and would seek to withdraw our appearance on his behalf.

10. To this date, Schueler has not returned a signed engagement letter or made any payments to Day, Berry.

11. This concludes my Declaration.

_____
David M. Bizar

Subscribed and sworn to before me
this 3rd day of October, 2003.

_____
Donald J. Marchesseault
Commissioner of the Superior Court

    THIS IS TO CERTIFY that a copy of the foregoing was sent via certified mail, return receipt requested this 3rd day of October, 2003 to:

Ronald R. Schueler
3201 Camino Sin Nombre
Paradise Valley, AZ 85253

_____
David M. Bizar

    THIS SHALL FURTHER CERTIFY that a copy of the foregoing was sent via first class mail, postage prepaid on this 3rd day of October, 2003 to:

Dominic Fulco, III, Esq.
Michael T. Wade
Reid & Riege, P.C.
One State Street, 18th Floor
Hartford, CT 06103-3185

Scott R. Kapp, Esq.
Arnstein & Lehr
120 South Riverside Plaza - Suite 1200
Chicago, IL 60606-3910

_____
David M. Bizar